UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV414

| | |
|---|---|
| WILLIAM ARTHUR BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYDNEY JEROME et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Recuse (Doc. No. 7). Plaintiff filed his Complaint on August 29, 2011 pursuant to 42 U.S.C. § 1983. (Doc. No. 1 ). The undersigned conducted an initial review of Plaintiff's Complaint and dismissed the same on September 9, 2011 having determined that Plaintiff is a "three striker" pursuant to 28 U.S.C. § 1915(g). That is, Plaintiff has filed at least three other lawsuits that have been dismissed frivolous, malicious, or failing to state a claim upon which relief may be granted. Further, the Court determined that Plaintiff had not demonstrated that he was under imminent danger of serious physical injury. (Doc. No. 3). Plaintiff has appealed this Court's Order dismissing his case to the Fourth Circuit Court of Appeals.

By way of the instant motion, Plaintiff contends that the undersigned should recuse himself from "any case that pertains to [Plaintiff]." In support of his request, Plaintiff contends that Judge Mullen has been presiding over his cases for the past twenty years and Plaintiff "always ends up with unpublished opinions on black and white case law." Plaintiff further contends that "Judge Mullens (sic) releaved (sic) Chief Judge Conrad off this civil case, took it over 8/31/11, dismissing without prejudice 9//9/2011." Plaintiff also contends that he filed a different civil case while in

1

prison against Randolph Lee and Noel Tin and that "Judge Mullens (sic) is a witness that attorney lee (sic) never represented Plaintiff in federal court case 3:92cr270-MU and attorney Noel Peter Tin permitted U.S. Attorneys Gretchen Sheppert (sic) and Bobby Hidgon to alter record on direct appeal in oral arguments 202 F.3d 691 (4th Cir. 2000)." (Doc. No. 7).

A judge shall disqualify himself in any proceeding "in which his impartiality might reasonably be questioned." A judge shall also disqualify himself if he has a personal bias or prejudice. 28 U.S.C. § 455.

Petitioner has not supported his motion with facts which indicate that this Court was or is biased. Further, Plaintiff has not pointed to any evidence suggesting that the Court's "impartially might be questioned." Instead, Petitioner seems to argues that bias can be assumed because Judge Mullen has been assigned to his cases over the part twenty years and Plaintiff always ends up with "unpublished opinions on black and white case law." Petitioner's attempt to argue that Judge Mullen is a witness in another case is not persuasive. Judge Mullen is not a witness in any case involving Plaintiff. Finally, the fact that this case was reassigned from Judge Conrad to Judge Mullen does not support Plaintiff's motion. Cases are routinely reassigned for a variety of reasons and the mere fact that Plaintiff's case was reassigned to Judge Mullen does not establish bias or in any other way support Plaintiff's motion. Therefore Plaintiff's motion is DENIED.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Recuse (Doc. No. 7) is DENIED.

**SO ORDERED**.

Signed: September 30, 2011

*Graham C. Mullen*
Graham C. Mullen
United States District Judge